# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

               Plaintiff,      :       Case No. 3:11-cr-15
                                             Also 3:19-cv-350

                                             District Judge Timothy S. Black
   -  vs  -                            Magistrate Judge Michael R. Merz

DEMOND R. JOHNIGAN,

               Defendant.      :

## REPORT AND RECOMMENDATIONS

This criminal case is before the Court on Defendant Johnigan's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 74).

The judgment of conviction was entered in this case on July 28, 2011 (ECF No. 49) and became final shortly thereafter when Defendant did not appeal. The Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") adopted a one-year statute of limitations for § 2255 motions which runs from the date the judgment becomes final unless one of the other starting dates in 28 U.S.C. § 2255(f) applies.

Johnigan claims the benefit of § 2255(f)(3) which provides a starting date of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." He explains that the right on which he relies was first recognized by the Supreme Court

in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), on June 21, 2019, less than one year before he filed his § 2255 Motion on November 3, 2019[1]. 18 U.S.C. § 922(g) prohibits certain categories of persons, including those who are "illegally or unlawfully in the United States," from possessing firearms. § 924(a)(2) provides heavy criminal penalties for those who "knowingly violate" § 922(g). In *Rehaif* the Supreme Court interpreted the *scienter* element to require proof that a defendant both knew he possessed a firearm and knew he was in the country illegally.

In *United States v. Davis*, 139 S. Ct. 2319 (2019), decided the week after *Rehaif*, the Court held 18 U.S.C. § 924(c)(3)(B) to be unconstitutionally vague. § 924(c) authorizes enhanced criminal penalties for use, carrying, or possession of a firearm in connection with any federal "crime of violence or drug trafficking crime." "Crime of violence" is further defined in what have been called the "elements" clause and the "residual" clause; it was the latter that was declared unconstitutional in *Davis*.

On April 21, 2011, Johnigan agreed to plead guilty to kidnapping, assaulting a federal agent with a deadly weapon, and brandishing a firearm during and in relation to a crime of violence (Plea Agreement, ECF No. 37, PageID 132). Paragraph 10 of the Plea Agreement reads:

> **WAIVER OF APPEAL AND COLLATERAL ATTACK**
>
> 10. Defendant waives and gives up, to the extent permitted by law, his right to challenge the judgement of conviction, sentence, and the manner in which the sentence is determined, provided that it is within the statutory maximum, whether by direct appeal or collaterally. This includes, but is not limited to, a waiver of defendant's rights pursuant to 18 U.S.C. § 3742 to appeal his sentence.

---

[1] Although the Motion was not received and docketed by the Clerk until November 7, 2019, Johnigan as an incarcerated person is entitled to the benefit of the so-called mailbox rule and November 3, 2019, is the date he signed his Motion and presumably deposited it in the prison mail system. (ECF No. 74, PageID 271).

*Id.* at PageID 137. After a thorough plea colloquy with Defendant, Judge Black accepted the Plea Agreement (Minute Entry, ECF No. 38).

A defendant who has knowingly, intelligently, and voluntarily agreed not to contest his sentence in any post-conviction proceeding has waived the right to file a § 2255 motion. *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001). This waiver also precludes attacks based on new law, e.g., claims under *Johnson v. United States*. *In re: Garner*, Case No. 16-1655, 2016 U.S. App. LEXIS 19996 (6th Cir. Nov. 2, 2016). Johnigan has never attacked the validity of his guilty plea, much less prevailed in such an attack. Therefore he has effectively waived his right to file a motion to vacate under 28 U.S.C. § 2255 and his Motion should be denied on that basis.

**Conclusion**

Petitioner's Motion is barred by his valid waiver of the right to mount a collateral attack on the judgment. The Motion should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

November 8, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).